CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 9, 2013

LETTER TO COUNSEL:

      RE:    *Sandra Horton v. Commissioner, Social Security Administration*;
               Civil No. SAG-12-1940

Dear Counsel:

On June 28, 2012, the Plaintiff, Sandra Horton, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 12, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Horton filed her claims for benefits on February 11, 2009, alleging disability beginning on January 20, 2009. (Tr. 55-58, 310-13). Her claim was denied initially on April 9, 2009, and on reconsideration on October 9, 2009. (Tr. 52-54, 50-51). An Administrative Law Judge ("ALJ") held a hearing on November 10, 2010. (Tr. 318-44). Following the hearing, on March 24, 2011, the ALJ determined that Ms. Horton was not disabled during the relevant time frame. (Tr. 13-23). The AC denied Ms. Horton's request for review (Tr. 5-8), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Horton suffered from the severe impairments of status post cervical fracture, spinal stenosis, scoliosis, and obesity. (Tr. 18). Despite these impairments, the ALJ determined that Ms. Horton retained the residual functional capacity ("RFC") to:

> [P]erform unskilled work at the light exertional level as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant may occasionally climb ladders/ropes or scaffolds and frequently perform balancing, crouching, crawling, kneeling or stooping.

(Tr. 19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Horton could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 22).

Ms. Horton presents four arguments on appeal: (1) that the ALJ failed to assign appropriate weight to her treating physicians; (2) that the ALJ failed to provide substantial evidence for the RFC limitation to "unskilled" work; (3) that the ALJ's hypothetical to the VE was deficient; and (4) that the ALJ's findings at steps four and five were inconsistent. Each argument lacks merit.

First, Ms. Horton contends that the ALJ assigned too little weight to the opinions of three treating physicians, Drs. Qaisrani, Ludwig, and Hines. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence of record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also* 20 C.F.R. § 404.1527(c)(3) (stating that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). The ALJ noted that Dr. Qaisrani's opinion and treatment records document only one clinical symptom, "mild limitation in back movement[,]" yet he opined that Ms. Horton was unable to sit for six hours or stand for two hours. (Tr. 21, 294-95). Dr. Qaisrani attached a single MRI, from 2001, showing spinal stenosis. (Tr. 298-99). Ms. Horton, in fact, worked at a medium exertional level as a Certified Nursing Assistant for more than seven years after that MRI. (Tr. 326). Moreover, the ALJ noted that Dr. Qaisrani's opinion was in April, 2009, just three to four months after Ms. Horton was involved in a January, 2009 roll over motor vehicle accident which caused her neck and back pain, and resulted in surgery. (Tr. 20, 21). Given the lack of clinical support for Dr. Qaisrani's opinion, and the timing of the report following Ms. Horton's accident, the ALJ did not err in rejecting the opinion. A similar analysis applies to the opinion from Dr. Ludwig, which was dated May 21, 2009, who opined that Ms. Horton could sit for six hours a day, but not stand for two hours. (Tr. 296-97). Dr. Ludwig's report attached only the same 2001 MRI as clinical evidence of the impairment. (Tr. 298-99). In contrast, Dr. Ludwig's treatment notes show that Ms. Horton's symptoms had "improved dramatically" by April 2009, and he discontinued the cervical collar. (Tr. 274). On May 14, 2009, Dr. Ludwig again noted that Ms. Horton was "doing well." (Tr. 273). No further reports from Dr. Ludwig appeared in the record, so there is no clinical support for the May 21, 2009 opinion that the ALJ rejected. Finally, Dr. Hines wrote a report in October, 2010, after treating Ms. Horton for approximately three months. (Tr. 300-04). Dr. Hines expressly stated that her opinion was "based solely on [Ms. Horton's] report" and that there was "no physical evidence to support this." (Tr. 301). A physician's opinion should be accorded less weight if it is unsupported by clinical evidence. *See Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)). As a result, the ALJ appropriately rejected Dr. Hines's opinion.

Second, Ms. Horton complains that the ALJ did not provide substantial evidence to support the RFC restriction to "unskilled work." Even if Ms. Horton's argument were meritorious, it would not justify remand. The ALJ found that sufficient jobs existed for Ms. Horton even with the allegedly over-restrictive RFC. If Ms. Horton were also capable of skilled or semi-skilled work, more jobs would be available to her, and the disposition of her claim would remain unchanged.

Third, Ms. Horton contends that the ALJ's hypothetical to the VE was deficient. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel,* No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen,* 861 F.2d 536, 540–41 (9th Cir.1988). Because the hypothetical was entirely commensurate with the RFC the ALJ found, the real question is whether substantial evidence supports the RFC. I find that it does. Ms. Horton's first RFC argument is that the ALJ failed to include a function-by-function analysis. However, while the ALJ is required to consider each function, the ALJ's evaluation need only include a narrative discussion describing how medical and non-medical evidence support the ALJ's conclusion. *Fleming v. Barnhart,* 284 F.Supp.2d 256, 271 (D.Md. 2003); *see also Knox v. Astrue,* 327 Fed. Appx. 652, 657 (7th Cir. 2009) ("[T]he expression of a claimant's RFC need not be articulated function-by-function; a narrative discussion of a claimant's symptoms and medical source opinions is sufficient.") (citing *Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir. 2005)). Ms. Horton's second RFC argument is that the RFC did not include the opinions of her treating physicians, which the ALJ rejected for the reasons discussed above. Ms. Horton's third and final RFC argument is that the RFC did not include several specific diagnoses established by her medical records. However, an RFC is properly expressed in terms of abilities and limitations, not diagnoses. *See McPherson v. Astrue,* 605 F.Supp.2d 744, 761 (S.D.W.Va. 2009) ("It is not necessary that the hypothetical mention the underlying diagnoses . . . what is important is that the VE is presented with an accurate picture of the Plaintiff's limitations."). None of Ms. Horton's RFC arguments, then, establish any deficiencies in the RFC or the corresponding hypothetical.

Ms. Horton's final argument is that the ALJ made inconsistent findings at steps four and five. Ms. Horton contends that her past work as a cashier was light and unskilled, and that the ALJ therefore should have found her to be capable of that work. Pl. Mot. 25. However, the ALJ did not find Ms. Horton's prior work as a cashier to constitute "past relevant work." (Tr. 21) (noting a finding that Ms. Horton had past relevant work as a certified nursing assistant at the medium, unskilled levels of work). As the Commissioner notes, the ALJ's finding was likely based on the fact that Ms. Horton's earnings as a cashier did not meet the threshold for substantial gainful activity. Def. Mot. 18. However, I need not speculate as to the ALJ's basis for his finding. Because the ALJ's step five analysis was supported by substantial evidence and determined the existence of jobs that Ms. Horton could perform, any error at step four would be harmless. *See Queen v. Astrue,* No. TMD-10-3364, 2012 WL 1016822, at *3 (D. Md. Mar. 23, 2012) ("[I]f the Court upholds the ALJ's finding at step five of the sequential evaluation, any error at step four is harmless."). The VE's testimony establishes that jobs exist that Ms. Horton can perform, whether or not she is also capable of work as a cashier.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 12) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge